# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | **Crim. No. 11-29** |
| ) | |
| **EMERSON BEGOLLY** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM ORDER

Pending before the Court is "Shawn Begolly's Motion for Return of Property." [ECF #18]. The Motion, filed on January 28, 2011, is brought pursuant to Fed.R.Crim.P. 41(g) and the Fourth Amendment to the United States Constitution. At issue are the possessions of Mr. Begolly that were seized when his home and Jeep were searched on January 4, 2011 pursuant to a search warrant issued by a magistrate judge from the United States District Court for the Eastern District of Virginia. The search warrant was issued based on there being probable cause to believe that contained within Mr. Begolly's residence existed evidence that his son, Emerson Begolly[1], had attempted to provide material support to terrorists in violation of 18 U.S.C. §2339A.

> Fed.R.Crim.P. 41(g) states:
> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Id.

---

[1] On February 2, 2011, a three count Indictment was filed against Emerson Begolly for violations of 18 U.S.C. § 111(a) (1) and (b) and 18 U.S.C. § 924(c) (1) (A) (i).

Initially, the United States contends that this Court should decline exercising jurisdiction over Mr. Begolly's Motion because he has not established that being deprived of possession of the property causes him "irreparable injury" and that he is otherwise without a remedy at law. See Opposition to Shawn Begolly's Motion for Return of Property ("Government's Opposition"), p. 5. In so arguing, the Government concedes that "[t]he Third Circuit has not addressed the use of the irreparable harm standard in regard to motions for return of seized property." Id.

We disagree that such a jurisdictional prerequisite exists before we can consider the merits of Mr. Begolly's Motion. Rather, we find that where, as here, we have a pre-indictment seizure of property of a third party not under investigation, we "must weigh the interests of the government in holding the property against the owner's rights to use the property," i.e. is the retention of Mr. Begolly's property reasonable considering all circumstances. See United States v. Premises Known as 608 Taylor Avenue, Apartment 302, Pittsburgh, Pa., 584 F.2d 1297, 1302 and 1304 (3d Cir. 1978). See also Chaim v. United States, 692 F.Supp.2d 461, 467 (D.N.J. 2010) (when Rule 41(g) motion is filed and there is no pending criminal proceedings against either the movant or the property, then the standard is that set forth in 608 Taylor Ave: whether the government's continued retention of the property is reasonable under all the circumstances.); Committee Note to 1989 Amendment to Rule 41 ("No standard is set forth in the rule to govern the determination of whether property should be returned to a person aggrieved either by an unlawful seizure or by deprivation of the property. The fourth amendment protects people from unreasonable seizures as well as unreasonable searches, United States v. Place, 462 U.S. 696, 701 (1983), and reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property. If the United States has a need for the property in an

2

investigation or prosecution, its retention of the property generally is reasonable. But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable.").

Mr. Begolly's position is that because he is not subject to any criminal proceeding, his seized property is not the subject of any criminal proceeding and was not used in any criminal activity, and his son has not been indicted for any criminal activity related to the seized possessions, the possessions should be returned to him. Motion for Return of Property, p. 4. Further, Mr. Begolly argues that "[h]e has suffered loss of income from the seizure of his computers and related equipment, and is deprived of the use and enjoyment of his remaining property." Id.

In contrast, the Government explains that the items "were properly seized in connection with an ongoing criminal investigation of a terrorism offense." See Government's Opposition, p. 8.

In order to determine whether the government's continued retention of Mr. Begolly's property is reasonable under all the circumstances, a hearing on the Motion is necessary. Accordingly, this 2nd day of March, 2011, it is hereby ORDERED, ADJUDGED, AND DECREED that a hearing shall be held on "Shawn Begolly's Motion for Return of Property" [ECF #18] in Courtroom 8A, United States Courthouse, 700 Grant Street, Pittsburgh, PA 15219 on March 17, 2011 at 10:00 A.M.

Maurice B. Cohill, Jr.
Senior District Court Judge

3