# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Crim. No. 11-29 |
| ) | Crim. No. 11-172 |
| ) | |
| EMERSON BEGOLLY ) | |
| ) | |

## OPINION AND ORDER

Pending before this Court is Defendant Emerson Begolly's Motion to Exclude Statements Based Upon Violation of the Sixth Amendment Right to Counsel. By this Motion, Defendant "moves the Court to exclude evidence at sentencing of statements taken from him by the Government in violation of his Sixth Amendment right to counsel. Specifically, Mr. Begolly moves to exclude statements the Government deliberately elicited from him, post-indictment, using a wired Government informant at the Northeast Ohio Correctional Center." Motion, p. 1.

In support of its contention, Defendant argues: "[t]he Government's claims that it interrogated Mr. Begolly in pursuit of an investigation of separate charges, which were never filed, is irrelevant, because the Government does not seek to introduce the recording as to those never filed charges, but seek to introduce it at the sentencing on charges for which the Sixth Amendment right to counsel had attached." Id. at p. 12.

The Government seeks to introduce at Mr. Begolly's sentencing hearing certain statements made by him to a fellow inmate ("the Wired Inmate") as evidence of Mr. Begolly's lack of remorse and reformation. According to the government, the statements in question were made by Mr. Begolly to the Wired Inmate on November 30, 2012; at the time of the conversation between the two men, the Wired Inmate was wearing a wire at the request of the FBI because it was investigating whether Mr.

Begolly was threatening to kill his mother. Mr. Begolly's mother had been a witness in the case against Mr. Begolly; retaliation against a federal witness is a crime under federal law. Ultimately, the FBI determined that Mr. Begolly, in fact, was not planning to kill his mother and new charges were never brought against him.

The Government's position is that there was not a Sixth Amendment violation in this case and that even if there was a Sixth Amendment violation, Defendant's statements still are admissible at his sentencing hearing pursuant to 18 U.S.C. § 3661 and U.S.S.G. § 1B1.4.

In Texas v. Cobb, 532 U.S. 162, 121 S.Ct. 1335 (2001), the United States Supreme Court explained:

> The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." In McNeil v. Wisconsin, 501 U.S. 171, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991), we explained when this right arises:
>
>> "The Sixth Amendment right [to counsel] ... is offense specific. It cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." Id., at 175, 111 S.Ct. 2204 (citations and internal quotation marks omitted).
>
> Accordingly, we held that a defendant's statements regarding offenses for which he had not been charged were admissible notwithstanding the attachment of his Sixth Amendment right to counsel on other charged offenses. See id., at 176, 111 S.Ct. 2204.

Id. at pp. 167-168. The Cobb Court further explained that:

> Although it is clear that the Sixth Amendment right to counsel attaches only to charged offenses, we have recognized in other contexts that the definition of an "offense" is not necessarily limited to the four corners of a charging instrument. In Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), we explained that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id., at 304, 52 S.Ct. 180. We have since applied the Blockburger test to delineate

2

the scope of the Fifth Amendment's Double Jeopardy Clause, which prevents multiple or successive prosecutions for the "same offence." See, e.g., Brown v. Ohio, 432 U.S. 161, 164–166, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). We see no constitutional difference between the meaning of the term "offense" in the contexts of double jeopardy and of the right to counsel. Accordingly, we hold that when the Sixth Amendment right to counsel attaches, it does encompass offenses that, even if not formally charged, would be considered the same offense under the Blockburger test.

Id. at. p. 172-73 (footnote omitted).

Post-Cobb, numerous courts have held that the government does not violate the Sixth Amendment rights of a defendant charged with a crime by investigating or interrogating that defendant with regard to a separate crime that has not been charged so long as the offense being investigated is not considered the "same offense" under the Blockburger test. See, *for example*, U.S. v. Jacques, 684 F.3d 324, 331 (2d Cir. 2012) (citations and footnote omitted) (holding that "the government does not violate the Sixth Amendment rights of a defendant charged with a crime by investigating or interrogating that defendant with regard to a separate crime that has not been charged. This is true even where the latter crime is "'factually related' to a charged offense," so long as the offense being investigated is not considered the "same offense" for the purposes of determining the applicability of the Fifth Amendment's Double Jeopardy Clause); U.S. v. Mullins, 613 F.3d 1273, (10th Cir. 2010) (holding "the government remains free to seek uncounseled statements from a defendant about uncharged offenses without offending the Sixth Amendment" unless the uncharged offense is one that "even if not formally charged, would be considered the same offense under the Blockburger [v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)] test"). While the Third Circuit has not addressed this exact issue to date, it has explained that "[t]he Sixth Amendment is ordinarily 'offense specific'" and "Sixth Amendment guarantees may apply to uncharged crimes factually related to charged offenses"). See U.S. v. Tyler, 281 F.3d 84, 97 (3d Cir. 2002) (citing to Cobb, infra. and McNeil, , infra. (footnote omitted).

3

Clearly the defendant does not want the Court to review the substance of the transcript prior to rendering its decision as to its admissibility. See Motion, p. 12 ("there is no need for the Court to review the transcript in order to rule on Mr. Begolly's motion to exclude his purported statements based on violation of the Sixth Amendment."). Therefore, we have assumed, as the Government contends, and the defendant has not disputed, that the Wired Informant's questioning of Mr. Begolly was with respect to a separate investigation, regarding the potential retaliation against a federal witness. Retaliation against a federal witness is not the "same offense" under the Blockburger test as the crimes with which Mr. Begolly has been charged (solicitation of a crime of violence, distribution of information relating to explosives, destructive devices and weapons of mass destruction, infliction of bodily harm on an officer or employee of the United States, and using and carrying a firearm during and in relation to a crime of violence). Therefore, we find that the Government's questioning of Mr. Begolly through the Wired Informant was not a *per se* violation of Mr. Begolly's Sixth Amendment right to counsel.

This conclusion, however, does not end our analysis because while the Wired Informant's questioning of Mr. Begolly did not *per se* violate his Sixth Amendment right to counsel, we also need to consider whether this Court's consideration at the sentencing hearing of Mr. Begolly's statements to establish his lack of remorse and reformation would violate his Sixth Amendment right to counsel. We hold that the use of the statements for this purpose would not violate Mr. Begolly's Sixth Amendment right to counsel because the information will not be used to establish Mr. Begolly's guilt as to the charges filed against him in these cases, but rather will be used to inform the Court as to Mr. Begolly's "background, character, and conduct" as it decides what is the appropriate sentence for Mr. Begolly. See 18 U.S.C. §3661 ("[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United

States may receive and consider for the purpose of imposing an appropriate sentence."); Pepper v. U.S., 131 S.Ct. 1229, 1241 (2011) (citing 18 U.S.C. § 3661) (stating "Congress could not have been clearer in directing that "[n]o limitation ... be placed on the information concerning the background, character, and conduct" of a defendant that a district court may "receive and consider for the purpose of imposing an appropriate sentence."). See also U.S. v. Bender, 221 F.3d 265, 271 (1st Cir. 2000) (citing U.S.S.G. §3C1.1[1]) (while appellate court upheld district court's determination that statements made by defendant during a conversation with an undercover government agent concerning defendant's plot to falsify an alibi and possibly kidnap and murder government witnesses were inadmissible at trial because they were incriminating not only as to future crimes (perjury, conspiracy to kidnap and murder) but also as to the pending charges, the appellate court further stated that nothing prevented the government, *inter alia*, "from using these statements at sentencing if [the defendant] is tried and convicted").

In so holding, we opine that our holding is not inconsistent with the Supreme Court's holding in Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866 (1981). In Estelle, the U.S. Supreme Court held that "the death penalty was improperly imposed on [the defendant] because the psychiatric examination on which the psychiatrist testified] at the penalty phase proceeded in violation of respondent's Sixth Amendment right to the assistance of counsel." Estelle, 451 U.S. at 471 (footnote omitted). The critical difference between the facts in Estelle and the facts in the current case is that in Estelle the defendant's statements were being utilized against him during the penalty phase of a capital murder trial to prove the aggravating factor of future dangerousness beyond a reasonable doubt, i.e. his right to a fair trial was implicated. In contrast, in this case, the statements are not being used to establish

---

[1] U.S.S.G. §3C1.1 states: "[i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels."

5

Mr. Begolly's guilt at trial as to the charges against him, but rather, only to assist this Court in understanding Mr. Begolly's "background, character, and conduct" in rendering an appropriate sentence. See U.S. v. Tyler, 281 F.3d 84, 97 (3d Cir. 2002) (stating "Estelle's holding is properly limited to its facts, where the state neither informs defense counsel of its mental examination of the defendant during capital murder proceedings nor allows the defendant assistance of counsel. Baumann [v. U.S., 692 F.2d 565,] 577–78 [9th Cir. 1992] (contrasting "critical" determinations in capital-case mental examinations with usual sentencing phases). As in Baumann, and unlike in Estelle, Tyler's state court sentencing judge did not need to find aggravating factors beyond a reasonable doubt." Id. at 576.")

Having concluded that this Court's consideration of Mr. Begolly's statements for the purpose of imposing an appropriate sentence will not violate his Sixth Amendment right to counsel, the defendant's Motion to Exclude Statements Based Upon Violation of the Sixth Amendment Right to Counsel shall be denied.

## ORDER

AND NOW, this 17th day of June, 2013, it is hereby ORDERED, ADJUDGED, AND DECREED that Defendant Emerson Begolly's Motion to Exclude Statements Based Upon Violation of the Sixth Amendment Right to Counsel is DENIED.

*/s/ Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge