**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) 2:11cr29 |
| v. | ) Electronic Filing |
| | ) |
| **EMERSON BEGOLLY** | ) |

**OPINION**

Presently before the court is Emerson Begolly's ("Begolly" or "defendant") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. ECF No. 148. For the reasons set forth below, the motion will be denied.

On February 4, 2011, a grand jury returned a three-count indictment against Begolly, charging him with two counts of assaulting a federal officer acting within his official capacity in violation of 18 U.S.C. § 111(a)(1) and (b) (counts one and two), and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i) (count three). See ECF No. 20. The indictment identified the predicate "crime of violence" for count three as "assault of an officer or employee of the United States who was engaged in the performance of official duties" in violation of 18 U.S.C. § 111(a)(1) and (b) "as charged in Counts One and Two of this Indictment." Id. at 3.

On July 14, 2011, a two-count indictment was filed against defendant in the Eastern District of Virginia, charging him with solicitation of a crime of violence in violation of 18 U.S.C. § 373(a), and distribution of information relating to explosives, destructive devices, and weapons of mass destruction in violation of 18 U.S.C. § 842(p)(2)(A). These charges were subsequently transferred to this district and docketed at United States v. Begolly, 2:11-cr-172.

On August 9, 2011, defendant pled guilty to count three of the indictment in the above matter – using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i), and count one of the indictment filed in 2:11-cr-172 – solicitation of a crime of violence in violation of 18 U.S.C. § 373(a). See ECF No. 45; No. 2:11-cr-172 at 6.

Defendant was sentenced to 42 months imprisonment at count one and 60 months at count three, to run consecutively, for a total of 102 months. <u>See</u> ECF No. 106.

At the time of defendant's guilty plea and sentencing, § 924(c) defined "crime of violence" as an offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause is known as the "elements" clause, and the second clause is called the "residual" clause.

In 2015, the Supreme Court held that the similarly worded residual clause in § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") was void for vagueness. <u>See</u> <u>Johnson v. United States</u>, 576 U.S. 591 (2015). In the wake of <u>Johnson</u>, defendant filed a § 2255 motion challenging his § 924(c) conviction. <u>See</u> ECF No. 109. The proceedings were stayed pending resolution of various issues in the appellate courts. <u>See</u> ECF Nos. 126; 129.

Then, in 2019, the Supreme Court held in <u>United States v. Davis</u> that the residual clause set forth in § 924(c)(3)(B) was unconstitutionally vague for the same reasons that ACCA's residual clause was found to be unconstitutional in <u>Johnson</u>. 588 U.S. 445 (2019). In August of 2021, the court lifted the stay and granted defendant leave to file an amended § 2255 motion. <u>See</u> ECF No. 147. The present motion followed.

Defendant argues that the offense conduct underlying his § 924(c) conviction, assault on a federal officer in violation of 18 U.S.C. § 111(a) and (b), no longer qualifies as a crime of violence because it does not meet the definition set forth in § 924(c)(3)'s "elements" clause, the only operative clause that remains post-<u>Davis</u>. <u>See</u> ECF No. 148. He asserts that § 111(a) is categorically overbroad because it encompasses "merely offensive conduct like spitting." <u>Id.</u> at

12. Likewise, he argues that § 111(b)'s enhanced penalty is also overbroad because it covers "conduct which involves the mere reckless use of violent force." Id. at 15. And, although the Court of Appeals for the Third Circuit held in United States v. Bullock, 970 F.3d 210 (3d Cir. 2020) that § 111(b) is a crime of violence under a nearly identical "elements" definition in the sentencing guidelines, defendant asserts that Bullock has been overruled by the Supreme Court's decision in Borden v. United States, 593 U.S. 420 (2021). Id. at 16–20. In other words, he contends that under the categorical approach, the least culpable conduct that can sustain a conviction under § 111 does not require the use of physical force. Therefore, it is not a crime of violence and his § 924(c) conviction has been rendered unconstitutional.

In response, the government argues that the modified categorical approach applies to § 111 because it is divisible. See ECF No. 153 at 4. And because defendant acknowledged responsibility for conduct violative of § 111(a) *and* (b), subsection (b) was the operative provision for defendant's § 924(c) conviction. Id. It further argues that notwithstanding defendant's arguments to the contrary, Bullock has not been overruled Borden. Id. at 5–7. So, the government maintains that defendant's motion should be denied because Bullock mandates that § 111(b) constitutes a "crime of violence" under the definition set forth in § 924(c)(3)(A)'s elements clause.

A § 2255 motion may be disposed of summarily where the motion fails to set forth a basis upon which relief can be granted or where the factual allegations advanced in support of the motion are vague, conclusory, or patently frivolous. See Rule No. 4 of the Rules Governing § 2255 Proceedings; Blackledge v. Allison, 431 U.S. 63 (1977); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972) (where the record affirmatively indicates that a claim for relief is without merit, it may be decided summarily without a hearing). In Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985), the Third Circuit stated:

A Section 2255 motion is addressed to the discretion of the trial judge in the first instance and where the record affirmatively indicates the claim for relief is without merit, the refusal to hold a hearing will not be deemed an abuse of discretion.

Id.; accord United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000).  Other courts have reached the same conclusion.  See e.g., Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982) (proper for district court to dismiss portion of § 2255 petition without evidentiary hearing where allegations conclusively failed to state a claim for relief); United States v. Oliver, 865 F.2d 600, 604 (4th Cir.), cert. denied, 493 U.S. 830 (1989) (district court may dismiss § 2255 petition pursuant to Rule 4(b) where record conclusively demonstrates that movant is not entitled to relief as a matter of law); Mathews v. United States, 11 F.3d 583, 584-86 (6th Cir. 1993) (where § 2255 petition raises no factual disputes and bases for relief are without merit, district court need not hold an evidentiary hearing and may dismiss the motion summarily).

It is well settled that the first question to be resolved in assessing a § 2255 motion is whether the movant has alleged "an error sufficiently fundamental to come within the narrow limits of § 2255 [thus] making the conviction vulnerable to attack."  United States v. Biberfeld, 957 F.2d 98, 102 (3d Cir. 1992) (citing Napue v. Illinois, 360 U.S. 264, 269 (1959)).  "Habeas corpus has long been available to attack convictions and sentences entered . . . without jurisdiction [and more recently has been] expanded to encompass claims of constitutional error as well."  United States v. Addonizio, 422 U.S. 178, 185 (1979).

For the reasons set forth below, defendant has failed to show that § 111(b) is not a crime of violence under the elements clause of § 924(c)(3)(A).  Therefore, his § 924(c) conviction does not stand in violation of the Due Process Clause and his motion will be summarily denied.

At the outset, § 111 is divisible.  A divisible statute "sets out one or more elements of the offense in the alternative."  Descamps v. United States, 570 U.S. 254, 257 (2013).  "'Elements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution

must prove to sustain a conviction.'" Mathis v. United States, 579 U.S. 500, 504 (2016) (quoting Black's Law Dictionary 634 (10th ed. 2014)).  "The Supreme Court has held that where 'statutory alternatives carry different punishments then, under Apprendi, they must be elements' (*i.e.*, separate, divisible offenses)." United States v. Ramos, 892 F.3d 599, 609 (3d Cir. 2018) (quoting Mathis, 579 U.S. at 518)).

Here, § 111 states in relevant part:

**(a) In general.**--Whoever--

**(1)** forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties . . .

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

**(b)  Enhanced penalty.**--Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111.  "Since subsections (a) and (b) carry different punishments, subsection (b) constitutes a different offense." Bullock, 970 F.3d at 214.  Therefore, §111 is divisible.  Id.

"To determine whether a conviction qualifies as a crime of violence, courts use the categorical approach, which calls for a comparison of 'the elements of the statute forming the basis of the defendant's conviction' with the definition of crime of violence." United States v. Chapman, 866 F.3d 129, 133 (3d Cir. 2017) (quoting Descamps, 570 U.S. at 257)).  But, "[i]f the statute of conviction is divisible . . . inquiry into the record of conviction is permissible solely to determine the particular subpart under which the [defendant] was convicted." Jean-Louis v. Att'y Gen. of U.S., 582 F.3d 462, 474 n.16 (3d Cir. 2009).  This approach is known as the "modified

categorical approach." Once the subpart of conviction is ascertained, the court proceeds in the same manner as under the traditional categorical approach. See <u>Descamps</u>, 570 U.S. at 257.

Here, the indictment specified the predicate "crime of violence" for defendant's § 924(c)(1)(A)(i) conviction as "assault of an officer or employee of the United States" in violation of 18 U.S.C. § (a)(1) and (b), "as charged in Counts One and Two of this Indictment." ECF No. 20 at 3. When defendant pled guilty to this charge, he acknowledged his responsibility for the conduct charged in counts one and two of the indictment. PSIR ¶ 7. Given that he "acknowledged responsibility for conduct prohibited by sections 111(a)(1) *and* (b)," then "section 111(b) is the 'operative statutory provision' for purposes of the Court's analysis." <u>United States v. Clark</u>, No. CR 08-80, 2022 WL 114079, *1 (W.D. Pa. Jan. 12, 2022) (quoting <u>Bullock</u>, 970 F.3d at 215). See also <u>United States v. Hernandez-Hernandez</u>, 817 F.3d 207, 214 n.7 (5th Cir. 2016) ("[T]he acts described in subpart (a)(1) of § 111—forcibly assaults, resists, opposes, impedes, intimidates, or interferes—are, by the very language of the statute, necessary elements of all § 111 offenses," so "a citation to (a)(1) reveals less about the specific statutory provision at play than a citation to subpart (b).").

Next, the court must determine whether § 111(b) constitutes a "crime of violence," as defined in § 924(c)(3)(A)'s elements clause. In other words, whether it is an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

In <u>Bullock</u>, the Third Circuit determined that § 111(b) is a crime of violence under a nearly identical elements clause definition set forth in § 4B1.2(a)(1) of the sentencing guidelines.[1] In so holding, the Third Circuit explained that "[a] defendant may violate § 111(b)

---

[1] See U.S.S.G. § 4B1.2(a)(1) ("The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person or another.").

by committing forcible assault and either (1) using a deadly or dangerous weapon, or (2) inflicting bodily injury." <u>Bullock</u>, 970 F.3d at 215 (citing 18 U.S.C. § 111(b)).  "The bottom line" in both scenarios "is that a defendant who violates § 111(b) has used physical force against the person of another."  <u>Id.</u> at 216.  And "the force contemplated by the statute . . . must be directed at the officer and the . . . bodily injury must be 'inflict[ed]' by the defendant 'in the commission of' the acts set forth in § 111(a)."  <u>Id.</u> (alteration in original).

The "forcible" component of the statute requires that the use of physical force must be directed at the officer.  <u>Id.</u>  But it "does not require that the person employing force *directly* apply harm to—i.e., strike—the victim." <u>Id.</u> (citing <u>Chapman</u>, 866 F.3d at 132).  The use of indirect force to bring about the injury is enough.  <u>Bullock</u>, 970 F.3d at 216; <u>cf.</u> <u>Delligatti v. United States</u>, -- U.S. --, 2025 WL 875804, *7 (2025) ("If the elements clause is to have a reasonable relationship to the term it defines, it must encompass cases where the offender makes use of physical force by deliberate inaction.").  And because these tenants "appl[y] with equal force" to the use of a deadly or dangerous weapon, "[t]he use of such a weapon 'in the commission of' an act that includes either the deployment of force against an officer or the threat of force is plainly a crime of violence."  <u>Id.</u> at 217.  Thus, the Third Circuit held that § 111(b) is categorically a crime of violence under the sentencing guidelines.

Given that "[t]he definition of a crime of violence in the Sentencing Guidelines is nearly identical to the one in § 924(c)(3)," authority interpreting one definition generally applies to the other.  <u>United States v. Jordan</u>, 96 F.4th 584, 594 (3d Cir.), <u>cert. denied,</u> 145 S. Ct. 256 (2024); <u>see also</u> <u>id.</u> ("Even though § 924(c)(3) adds the phrase 'or property,' that addition makes no difference.").  Moreover, this court is obligated to follow "the holding of a precedential Third Circuit panel decision," unless it has been "overruled by an *en banc* decision of the Court of Appeals or by an opinion of the Supreme Court."  <u>United States v. Green</u>, 610 F. Supp. 3d 711,

731 (W.D. Pa. 2022).

Defendant maintains that <u>Bullock</u> has been abrogated by the Supreme Court's plurality decision in <u>Borden</u>, which held that crimes are not "violent felonies" under the ACCA if they can be committed recklessly.  According to defendant, in reaching its decision in <u>Bullock</u>, "the Third Circuit did not analyze the *mens rea* required under § 111(b) or consider whether § 111(b) was overbroad because it encompasses the reckless use of force."  ECF No. 148 at 17.  And because § 111(b) is silent as to the requisite level of *mens rea*, defendant posits that the government may satisfy its burden through a showing that the defendant acted recklessly.

Defendant's arguments on this score are unavailing.  A similar argument was advanced in <u>United States v. Clark</u>, No. CR 08-80, 2022 WL 114079 (W.D. Pa. Jan. 12, 2022), where the defendant appeared to "argue that, in the absence of a discussion of the minimum culpable mental state, the presumed *mens rea* floor for section 111(b) was recklessness."  <u>Id.</u> at *3.  In rejecting the precise arguments defendant is advancing here, the late Judge Alan Bloch aptly wrote: "[h]aving considered <u>Bullock</u>, <u>Borden</u>, and the Third Circuit's elements-clause precedents," this court "finds <u>Bullock</u> is unmoved and, therefore, controls."  <u>Id.</u> at *2.

As Judge Bloch explained in <u>Clark</u>, "the Third Circuit's elements-clause precedents predating <u>Bullock</u> show that the Third Circuit's decision in that matter was not based on an erroneous assumption, rather, the court anticipated the Supreme Court's decision in <u>Borden</u>."  <u>Id.</u> at *3.  Indeed, "the Third Circuit has long held that a crime of violence must require proof of intent to use force," so "<u>Borden</u> is consistent with this long-standing precedent."  <u>United States v. Bowers</u>, No. CR 18-292-RJC, 2022 WL 17718686, at *2 (W.D. Pa. Dec. 15, 2022); <u>cf.</u> <u>Popal v. Gonzales</u>, 416 F.3d 249, 254 (3d Cir. 2005) ("It is now settled law in this Circuit that an offender has committed a 'crime of violence' under 18 U.S.C. § 16(a) only if he acted with an intent to use force.") (Becker, J.).

Moreover, when the defendant in <u>Clark</u> requested a certificate of appealability from Judge Bloch's decision, the Third Circuit denied his requested and stated:

> Jurists of reason would not debate that the District Court correctly denied his claim that 18 U.S.C. § 111(b) does not qualify as a "crime of violence" under 18 U.S.C. § 924(c). As we have recently held, a conviction under § 111(b) qualifies as a crime of violence because it "necessarily requires a finding the defendant intentionally used, attempted to use, or threatened to use physical force against the person of another." <u>United States v. Bullock</u>, 970 F.3d 210, 215 (3d Cir. 2020) (quoting <u>United States v. Kendall</u>, 876 F.3d 1264, 1270 (10th Cir. 2017)); <u>see also</u> <u>Popal v. Gonzales</u>, 416 F.3d 249, 255 n.5 (3d Cir. 2005).

<u>United States v. Clark</u>, No. 22-1215, 2022 WL 3139009, at *1 (3d Cir. May 17, 2022).

Since this court benefits from Judge Bloch's well-reasoned analysis on the matter, and that analysis is only bolstered by the Third Circuit's prior decisions interpreting the use of force, there is no need to write at length. The analyses therein are incorporated by reference. Accordingly, even post-<u>Borden</u>, the Third Circuit's holding in <u>Bullock</u> controls this court's decision and defendant has failed to show that § 111(b) no longer qualifies as a crime of violence under § 924(c)(3)(A). <u>Accord</u> <u>United States v. Mejia</u>, No. CR 05-32-1, 2022 WL 13801066, at *5 (E.D. Pa. Oct. 21, 2022) ("Inasmuch as the definition of 'crime of violence' in the elements clause of § 924(c)(3)(A) nearly mirrors the elements clause of the definition in U.S.S.G. § 4B1.2(a)(1), the Court finds the Third Circuit's rationale and holding in <u>Bullock</u> is properly applied here.").

Based on the foregoing, defendant's conviction under § 924(c) remains valid. Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 will be denied. An appropriate order will follow.

<u>Date: March 26, 2025</u>

                              s/David Stewart Cercone
                              David Stewart Cercone
                              Senior United States District Judge

cc: Samantha L. Stern, AFPD
    Michael Leo Ivory, AUSA

    (*Via CM/ECF Electronic Mail*)